IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SAMANTHA MASON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 2:15-CV-00109-J |
| | § | |
| AMARILLO PLASTIC FABRICATORS and RICHARD B. ROGOWSKI, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's *Motion for Order Authorizing Notice to Potential Plaintiffs Similarly Situated Pursuant to 29 U.S.C. § 216(b)*. Defendants filed a response on June 24, 2015. Plaintiff did not file a reply. Plaintiff's motion is DENIED.

### BACKGROUND

Plaintiff filed her *Original Complaint* in this Court on April 3, 2015, and her *Amended Original Complaint* on April 6, 2015, alleging violations of the Fair Labor Standards Act ("FLSA"). Specifically, Plaintiff brings a representative action "on behalf of herself and all similarly situated employees of Amarillo Plastic Fabricators, Ltd.," seeking back pay, unpaid overtime, and other compensatory damages. In her *Amended Original Complaint*, Plaintiff alleges that she was employed by Amarillo Plastic Fabricators ("APF") from October 15, 2014 to March 9, 2015. She alleges that APF, and its agents, conspired to violate the FLSA by altering employee time sheets and time cards, falsifying paychecks, failing to withhold taxes from employee paychecks, improperly classifying workers as independent contractors, refusing to pay overtime for work performed in excess of forty hours per week, and refusing to pay "their correct

1

amount of pay at the regular rate." Plaintiff also alleges that the Defendants told APF employees that they do not pay overtime, and retaliated against employees who complained about this policy.

Plaintiff filed a *Motion for Order Authorizing Notice to Potential Plaintiffs Similarly Situated Pursuant to 29 U.S.C. § 216(b)* on June 11, 2015. In her Motion, Plaintiff requests that this Court enter an Order requiring Defendants to produce the names, addresses, phone numbers, and social security numbers of all APF employees who were employed "from the time period of April 3rd, 2012, to the date of the Order." Plaintiff further requests a Court Order authorizing the mailing of a "Notice and Consent-To-Join Suit" form to all such employees, explaining their right to opt into Plaintiff's collective action lawsuit.

## COLLECTIVE ACTIONS UNDER THE FLSA

The Fair Labor Standards Act establishes minimum wage and overtime compensation requirements for covered employers. *See* 29 U.S.C. §§ 206-07. "An employer who violate[s] these provisions [can] be held civilly liable for backpay, liquidated damages, and attorney's fees." *Integrity Staffing Solutions, Inc. v. Busk*, 135 S. Ct. 513, 516 (2014). Section 216(b) "gives employees the right to bring a private cause of action on their own behalf and on behalf of other employees similarly situated for . . . violations of the FLSA." *Genesis Healthcare Corp., v. Symczyk*, 133 S. Ct. 1523, 1527 (2013) (internal quotation marks omitted); *see also* 29 U.S.C. § 216(b) ("An action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated"). An FLSA claim brought on behalf of other similarly situated employees is known as a "collective action." *Genesis Healthcare Corp.*, 133 S. Ct. at 1527.

2

Although FLSA collective actions bear some similarity to traditional class actions, they differ in one critical respect: unlike Rule 23 class actions, the FLSA utilizes an "opt-in" procedure whereby "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party." 29 U.S.C. § 216(b); *see also Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir. 2008). To facilitate this opt-in procedure for collective actions under the FLSA, a district court has discretionary authority to provide notice to potential plaintiffs and inform them of their right to join the lawsuit. *See Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989); *Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 705 (N.D. Tex. 2008). Here, Plaintiff requests that the Court exercise this discretionary authority and authorize notice to a potential class comprised of "all [APF] employees at all of the Defendants' facilities from the time period of April 3rd, 2012, to the date of the Order," informing them of their right to join Plaintiff's collective action. To obtain the requested notice, Plaintiff must prove that notice is appropriate and that a class of similarly situated employees exists. *See Hernandez v. Bob Mills Furniture Co. of Tex., LP*, No. 2:10-CV-0243-J, 2011 WL 915788, at *1 (N.D. Tex. Mar. 15, 2011).

To determine whether a class of similarly situated employees exists, such that notice to potential plaintiffs is appropriate, courts in the Fifth Circuit have applied two different approaches. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). The first is a two-step conditional certification process known as the *Lusardi* approach, after *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). Under this approach, the district court makes an initial decision on whether to authorize notice based only on the pleadings and affidavits provided by the parties. *See Mooney*, 54 F.3d at 1213-14. If the district court authorizes notice, it conditionally certifies

the class and gives putative class members an opportunity to opt into the lawsuit. *See id.* at 1214. The second step of the *Lusardi* approach is typically initiated when the defendant files a motion for decertification following discovery. *See id.* If, after reviewing the evidence generated during discovery, the court finds that the claimants are not similarly situated, the court de-certifies the class and dismisses the opt-in plaintiffs from the lawsuit. *See id.* But if the court finds that the claimants are similarly situated, the collective action may proceed to trial. *See id.*

The second approach is a Rule 23-style analysis known as the *Shushan* approach, after *Shushan v. Univ. of Colo. at Boulder*, 132 F.R.D. 263 (D. Colo. 1990). Under the *Shushan* approach, an FLSA collective action is analyzed like a Rule 23 class action, with the exception that potential class members who choose not to opt in are not bound by the result. *See Lentz v. Spanky's Restaurant II, Inc.*, 491 F. Supp. 2d 663, 668 (N.D. Tex. 2007). To determine whether notice is appropriate, the district court applies the standard Rule 23 class certification test, focusing on numerosity, commonality, typicality, and adequacy of representation. *See Mooney*, 54 F.3d at 1214.

The Fifth Circuit has not formally adopted either the *Lusardi* or the Rule 23/*Shushan* approach. *See id.* at 1213-14; *Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 706 (N.D. Tex. 2008). However, both the Fifth Circuit and the Supreme Court have made statements implying that a Rule 23-type analysis is incompatible with FLSA collective actions. *See Genesis Healthcare Corp., v. Symczyk*, 133 S. Ct. 1523, 1529 (2013) ("Rule 23 actions are fundamentally different from collective actions under the FLSA"); *Donovan v. Univ. of Tex. at El Paso*, 643 F.2d 1201, 1206 (5th Cir. 1981) ("The FLSA procedure, in effect, constitutes a congressionally developed alternative to the F. R. Civ. P. 23 procedures"). Furthermore, most courts in the Northern District of Texas, including this Court, have used the *Lusardi* two-step approach rather

4

than the *Shushan* Rule 23 approach. *See, e.g., Clark v. City of Ft. Worth*, 800 F. Supp. 2d 776, 779 (N.D. Tex. 2011); *Hernandez v. Bob Mills Furniture Co. of Tex., LP*, No. 2:10-CV-0243-J, 2011 WL 915788, at *2 (N.D. Tex. Mar. 15, 2011) (Robinson, J.). Accordingly, the Court will use the *Lusardi* two-step approach to determine whether a class of similarly situated employees exists.

At the first step of the *Lusardi* analysis, a court must determine whether the plaintiff has provided sufficient evidence of similarly situated potential plaintiffs such that court-facilitated notice to those potential plaintiffs is warranted. *See Valcho v. Dall. Cnty. Hosp. Dist.*, 574 F. Supp. 2d 618, 621 (N.D. Tex. 2008). Because little discovery has taken place at the conditional certification stage, a court should apply a lenient standard and should focus only on the pleadings and any affidavits provided by the parties. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995). "A court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *Tolentino v. C & J Spec-Rent Servs. Inc.*, 716 F. Supp. 2d 642, 650 (S.D. Tex. 2010).

Specifically, to establish that notice is appropriate, the plaintiff must provide (1) substantial allegations that there are other similarly situated potential class members who desire to opt in to the collective action; and (2) substantial allegations that the potential class members were together the victims of a single decision, policy, or plan infected by discrimination. *See Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 765 (N.D. Tex. 2013). Although these requirements are couched in terms of "allegations," most courts require plaintiffs to provide some type of factual basis in support of their allegations—typically in the form of affidavits or declarations provided by the named plaintiffs and the potential plaintiffs who wish to opt into the

lawsuit. *See, e.g., Jones v. SuperMedia Inc.*, 281 F.R.D. 282, 287 (N.D. Tex. 2012); *Oliver v. Aegis Commc'ns Grp., Inc.*, No. CIV.A. 3:08-CV-828-K, 2008 WL 7483891, at *3 (N.D. Tex. Oct. 30, 2008) ("At the notice stage of the *Lusardi* test, Plaintiffs bear the burden of establishing preliminary facts showing that a similarly-situated group of potential plaintiffs exist"); *Lentz v. Spanky's Restaurant II, Inc.*, 491 F. Supp. 2d 663, 669 (N.D. Tex. 2007).

For example, to support allegations that there are potential class members who wish to opt in and who are together the victims of a single decision, policy, or plan infected by discrimination, courts consider factors such as (1) whether potential plaintiffs were identified, (2) whether affidavits of potential plaintiffs were submitted to the court, and (3) whether evidence of a widespread discriminatory plan was submitted. *See Clark v. City of Ft. Worth*, 800 F. Supp. 2d 776, 779-80 (N.D. Tex. 2011). And to support allegations that potential class members are similarly situated, courts require evidence that the employees had (1) similar job requirements and (2) similar pay provisions. *See Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 706 (N.D. Tex. 2008); *Valcho v. Dall. Cnty. Hosp. Dist.*, 574 F. Supp. 2d 618, 621 (N.D. Tex. 2008). Unsupported assertions of widespread FLSA violations are insufficient to meet the plaintiff's burden at the notice stage. *See Hall v. Burk*, No. CIV. 301CV2487H, 2002 WL 413901, at *3 (N.D. Tex. Mar. 11, 2002).

## DISCUSSION

Here, Plaintiff has submitted a single declaration in support of her *Motion for Order Authorizing Notice to Potential Plaintiffs*. In that declaration, Plaintiff states that she worked from 8:00 AM to 5:00 PM Monday through Friday as an hourly employee for Amarillo Plastic Fabricators. Eventually, Defendant Richard Rogowski permitted Plaintiff to work overtime and Plaintiff began arriving to work by 7:15 AM to 7:30 AM. Plaintiff states that she performed

work duties during her lunch hour and was not paid for all of the time she spent working, including overtime hours. Finally, Plaintiff states that "Cathy Patton would alter my time cards to avoid paying me regular time hours and overtime hours." The question for the Court is whether Plaintiff's complaint and declaration provide evidence that (A) there are potential class members who wish to opt into this lawsuit and who are together the victims of a single decision, policy, or plan infected by discrimination; and (B) those potential class members are similarly situated.

### A. EVIDENCE THAT POTENTIAL CLASS MEMBERS ARE TOGETHER THE VICTIMS OF A SINGLE DECISION, POLICY, OR PLAN

Plaintiff's declaration provides no factual support for the allegations in her *Amended Original Complaint* that other hourly employees of APF were denied regular and overtime pay in violation of the FLSA. **First**, Plaintiff's declaration does not identify any other potential plaintiffs who might be interested in opting into her lawsuit. *See Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 707 (N.D. Tex. 2008); *Lentz v. Spanky's Restaurant II, Inc.*, 491 F. Supp. 2d 663, 669 (N.D. Tex. 2007) ("[t]he court must satisfy itself that other 'similarly situated' individuals justify notice because they desire to opt-in"). Instead, Plaintiff's declaration focuses solely on her own work schedule and the alleged FLSA violations that she personally suffered. There is nothing in the declaration to suggest that Plaintiff has personal knowledge of other APF employees who were subjected to similar FLSA violations. *See Nguyen v. Versacom, LLC*, No. 3:13-CV-4689-D, 2015 WL 1400564, at *8 (N.D. Tex. Mar. 27, 2015) (stating that affidavits must be based on personal knowledge and that a mere statement of belief as to the existence of other similarly situated employees is insufficient).

**Second**, not one potential plaintiff has submitted an affidavit or declaration in support of Plaintiff's motion. *See Songer*, 569 F. Supp. 2d at 707. Indeed, the only potential plaintiffs who

7

submitted affidavits in this case were two APF employees who submitted affidavits on behalf of *the Defendants*, explicitly stating that they "have no interest in joining [Plaintiff's] lawsuit." Affidavits asserting that other potential plaintiffs wish to opt into the lawsuit are a nearly universal prerequisite to notice and conditional certification of an FLSA collective action. *See, e.g., Sarmiento-Perez v. Las Colinas Int'l, Inc.*, No. 3:14-CV-1898-L, 2015 WL 3539571, at *1-3 (N.D. Tex. June 5, 2015) (granting conditional certification where four potential plaintiffs filed opt in consent forms and supporting affidavits); *Nguyen v. Versacom, LLC*, No. 3:13-CV-4689-D, 2015 WL 1400564, at *7-8 (N.D. Tex. Mar. 27, 2015); (granting conditional certification where plaintiffs identified at least eighteen potential plaintiffs who had already opted in); *Behnken v. Luminant Mining Co., LLC*, 997 F. Supp. 2d 511, 522-23 (N.D. Tex. 2014) (granting conditional certification where there was evidence that more than fifty employees had already opted in); *Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 768 (N.D. Tex. 2013) (granting conditional certification where plaintiffs presented three declarations showing that there were potential class members who desired to opt in); *Jones v. JGC Dall. LLC*, No. 3:11-CV-2743-O, 2012 WL 6928101, at *1, *3-4 (N.D. Tex. Nov. 29, 2012) (granting conditional certification where plaintiffs provided the court with declarations from opt-in plaintiffs and evidence that more than twenty potential plaintiffs had opted in); *Oliver v. Aegis Commc'ns Grp., Inc.*, No. CIV.A. 3:08-CV-828-K, 2008 WL 7483891, at *1, *4 (N.D. Tex. Oct. 30, 2008) (granting conditional certification where fifty-three declarations were filed and ninety-four plaintiffs had opted into the lawsuit). Plaintiff's inability to procure affidavits from potential opt-in plaintiffs strongly suggests that there is no class of similarly situated APF employees willing to participate in this collective action.

It is true that in some situations, "courts have allowed for class certification without the submission of affidavits from similarly situated employees, or affidavits from named Plaintiffs that provide specific information about other employees" who wish to opt in. *Tolentino v. C & J Spec-Rent Servs. Inc.*, 716 F. Supp. 2d 642, 653 (S.D. Tex. 2010). However, in those rare cases where certification was permitted in the absence of such affidavits, the original lawsuit typically included more than one named plaintiff—thus providing the court with some evidence that multiple similarly situated employees may have been subjected to the same discriminatory policy or plan. *See, e.g., Jones v. SuperMedia Inc.*, 281 F.R.D. 282, 289-90 (N.D. Tex. 2012) (granting conditional certification despite the absence of affidavits from potential plaintiffs because there were four named plaintiffs who provided declarations stating that they each suffered similar FLSA violations). Here, however, Samantha Mason is the only named Plaintiff in her lawsuit—there are no other named Plaintiffs with similar allegations of FLSA violations that would "indicate that the Defendant may have implemented the same policy with respect to different employees, and that additional plaintiffs may wish to join the collective action suit." *Id.*

**Third**, Plaintiff has submitted no evidence of a widespread discriminatory plan. *See Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 707 (N.D. Tex. 2008). The sole declaration submitted by Plaintiff discusses Plaintiff's personal work schedule and alleged FLSA violations that she personally suffered. Plaintiff does not assert personal knowledge of other similarly situated employees who suffered similar violations. *See id.* (finding that there was no evidence of a widespread discriminatory plan where plaintiffs' affidavits failed to establish personal knowledge of violations suffered by other employees). And there are no other named Plaintiffs or potential plaintiffs who could submit declarations that would provide evidence of a widespread discriminatory plan. Accordingly, because no potential plaintiffs were identified, no

potential plaintiffs submitted affidavits, and no evidence of a widespread discriminatory plan was submitted, the Court is unable to say that the potential class members were together the victims of a single decision, policy, or plan infected by discrimination.

### B. EVIDENCE THAT POTENTIAL CLASS MEMBERS ARE SIMILARLY SITUATED

Finally, Plaintiff presents no factual support for the allegations in her *Amended Original Complaint* that other potential class members are similarly situated. Potential class members are similarly situated if they have similar job requirements and pay provisions. *See Valcho v. Dall. Cnty. Hosp. Dist.*, 574 F. Supp. 2d 618, 621 (N.D. Tex. 2008). Uniformity in each and every aspect of employment is not required—instead, the question is whether the potential class members performed the same basic tasks and were subject to the same pay practices. *See Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 766 (N.D. Tex. 2013). Here, Plaintiff defines the potential class as all non-exempt hourly APF employees.[1] However, there is nothing in Plaintiff's *Amended Original Complaint* or declaration that describes the "basic tasks" Plaintiff was required to perform, and there is nothing to indicate that other non-exempt hourly APF employees performed similar tasks. Furthermore, other than an assertion that she was "an hourly employee," Plaintiff's declaration and complaint contain no allegations or evidence suggesting that she was subject to the same pay practices as all other non-exempt hourly APF employees.

---

[1] Plaintiff gives several inconsistent definitions of the proposed class. In her *Amended Original Complaint*, Plaintiff defines the class as "individuals working in the production of goods or services for commerce at the Defendants' facilities in Amarillo, Texas, who were deprived of their lawful regular and overtime wages under the Fair Labor Standards Act in the same manner as Plaintiffs." In her *Motion for Order Authorizing Notice to Potential Plaintiffs* and supporting brief, she defines the class variously as (1) "*all employees* at all of the Defendants' facilities from the time period of April 3rd, 2012, to the date of the Order," (2) "all other similarly situated *non-exempt hourly employees*," and (3) "*all non-exempt employees* similarly situated producing goods for commerce at the facilities operated by Defendants." And in her proposed *Order Authorizing Notice*, she first describes the class as "*all employees* of Amarillo Plastic Fabricators . . . at all of the Defendants' facilities and/or job sites from the time period of April 3, 2012, to the present" and then in the next paragraph describes the class as "*all hourly employees* who have worked at all of the Defendants' facilities . . . from April 3, 2012, to the date of this Order." However, regardless of which class definition is used, Plaintiff has failed to provide evidence that all class members have similar job requirements and pay provisions.

While Plaintiff remains silent on this critical issue, Defendant has presented the Court with affidavits suggesting that Plaintiff's job requirements were different from most other APF employees. Human resources manager Cathy Patton states that "Ms. Mason was an hourly employee whose responsibilities included answering phones, greeting customers, taking orders, and providing price quotes to customers." Patton states that since 2012, only one other APF employee has performed similar duties. That employee—Teresa Jan DeMatos—submitted her own affidavit stating that she has "no interest in joining [Plaintiff's] lawsuit." Thus, because there is no evidence that potential plaintiffs have similar job requirements and pay provisions, the Court is unable to say that the potential class members are similarly situated. *See Lentz v. Spanky's Restaurant II, Inc.*, 491 F. Supp. 2d 663, 669 (N.D. Tex. 2007) (finding no evidence of similarly situated plaintiffs where defendant presented affidavits showing that the plaintiff had different duties and responsibilities from most other employees).

Plaintiff has not provided the Court with sufficient evidence to permit conditional certification of a class of APF employees. Plaintiff's complaint does little more than allege the existence of potentially similarly situated employees, and her single declaration fails to provide factual support for those allegations. There is no evidence that other potential class members exist who wish to opt into the lawsuit. There is no evidence that potential class members are similarly situated with respect to their job requirements and pay provisions. And there is no evidence that potential class members were together the victims of a single decision, policy, or plan infected by discrimination. Accordingly, the Court denies Plaintiff's *Motion for Order Authorizing Notice to Potential Plaintiffs Similarly Situated Pursuant to 29 U.S.C. § 216(b)*. However, this denial is without prejudice—Plaintiff is free to re-file this motion should further discovery elicit sufficient evidence to warrant certification and notice to potential class members.

## CONCLUSION

Plaintiff's *Motion for Order Authorizing Notice to Potential Plaintiffs Similarly Situated Pursuant to 29 U.S.C. § 216(b)* is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Signed this the _____ day of July, 2015.

MARY LOU ROBINSON
**UNITED STATES DISTRICT JUDGE**